**IN THE UNITED STATE DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**JOHN WILLIAMS**,

        Plaintiff,

v.

**HOSS CONSULTING SERVICES,**

        Defendant.

**Case No.** CIV-21-987-PRW

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for his cause of action herein alleges and states as follows:

1. Plaintiff is John "Pat" Williams, an adult resident of Grady County, Oklahoma.

2. Defendant is Hoss Consulting Services, a domestic for profit business corporation, operating in Canadian County, Oklahoma.

## CLAIMS AND VENUE

3. Plaintiff's cause of action is for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma's Anti-Discrimination Act ("OADA").

4.    Jurisdiction over the federal claim is vested in this Court under 28 U.S.C. § 1331. The state law claim arises out of the same core of facts and jurisdiction over them is proper under 28 U.S.C. § 1367(a).

5.    Venue is provided by 29 U.S.C. § 626. Plaintiff performed work in several counties, including Canadian County and Defendant can be served in Canadian County. Canadian County is in the Western District of Oklahoma. Wherefore, venue is proper in this Court.

## STATEMENT OF FACTS

6.    Defendant employed twenty (20) or more employees for the current or preceding calendar year of Plaintiff's termination (2019). As such, Defendant is a covered employer under the ADEA. There is no minimum number of employees required to be covered under the OADA.

7.    At all times relevant to this matter, Plaintiff was over the age of 40.

8.    Plaintiff was hired by Defendant in August 2017, and was employed with Defendant until his termination on or about October 28, 2019. At the time of his termination, Plaintiff's job title was mudlogger / Data

2

Analyst.

9.    Plaintiff was successfully performing his job and had no write ups not complaints about his performance during his employment.

10.   Approximately three weeks prior to his termination, Plaintiff received a letter remarking positively on how well his team was performing.

11.   Upon information and belief, during his employment, Plaintiff was the oldest employee of Defendant, and was significantly older (7 or more years older) than anyone else he worked with, other than one person (Fred Troub).

12.   During the final three months of Plaintiff's employment, Plaintiff became paired with another, significantly younger (in his 30's) employee, Josh Hudson, who took half of Plaintiff's work hours and therefore his pay.

13.   On or around October 28, 2019, Kane Wendler (operations) terminated Plaintiff's employment. The stated reason was that it was a lay-off. Plaintiff objected that Defendant was keeping other people, but

3

Defendant terminated Plaintiff's employment anyway.

14. However, such reason for termination is false and pretextual in that Defendant kept Plaintiff's position and assigned it to someone who was significantly younger than Plaintiff, in addition to being less experienced and less qualified for the job.

15. The other older employee, Mr. Troub, was also terminated in this lay off.

16. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay, as well as benefits).

17. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around April 1, 2020. The EEOC issued Plaintiff's right to sue letter on August 2, 2021, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

18. Because the actions of Defendant were willful, Plaintiff is entitled to liquidated damages on this claim.

4

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 7th DAY OF OCTOBER 2021.**

Leah M. Roper, OBA # 32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
Leah@CenterForEmploymentLaw.com
ATTORNEYS FOR PLAINTIFF
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

5